IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALVARO BARRERA,

    Petitioner,[1]

v.                                  No. 19-cv-0653 MV/SMV

KEVIN McALEENAN, MATTHEW T. ALBENCE,
WILLIAM P. BARR, FLOYD SAM FARMER,
DEAN KING, and CHAD MILLER,

    Respondents.

## ORDER TO CURE

THIS MATTER is before the Court on the Petition for a Writ of Habeas Corpus [Doc. 1],[2] brought pursuant to 28 U.S.C. § 2241 and filed on July 17, 2019. Petitioner has not prepaid the $5 filing fee or, alternatively, submitted an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a) (2018). Petitioner must cure this deficiency no later than August 21, 2019. Failure to timely cure the deficiency may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that, by **August 21, 2019**, Petitioner prepay the $5 filing fee or, alternatively, submit a completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

**IT IS SO ORDERED.**

                                                **STEPHAN M. VIDMAR**
                                                **United States Magistrate Judge**

---

[1] Petitioner identifies as female and uses the first name Alejandra and female pronouns. [Doc. 1] at 2 n.1. Accordingly, the Court will refer to Petitioner as "she" or "her."

[2] Petitioner explicitly requests habeas corpus relief. For example, she asks for release from detention pending resolution of her immigration claims or, alternatively, for a bond hearing. [Doc. 1] at 2. However, Petitioner also alleges that she "presents evidence of syphilis and possible neuro-syphilis," but nevertheless has received no evaluation or treatment for these medical conditions. *Id.* at 6. To the extent that Petitioner wishes to assert a civil-rights claim for lack of medical treatment, she must do so in a separate lawsuit. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of . . . confinement and seeks the remedy of immediate release . . . . In contrast, a civil rights action . . . pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation . . . ."). No lack-of-medical-treatment claim will be addressed within this habeas corpus action.