IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ALVARO BARRERA,**

    Petitioner,[1]

v.                                                                                                           No. 19-cv-0653 MV/SMV

**KEVIN McALEENAN, MATTHEW T. ALBENCE,
WILLIAM P. BARR, FLOYD SAM FARMER,
DEAN KING, and CHAD MILLER,**

    Respondents.

## ORDER FOR SERVICE AND RESPONSE

THIS MATTER is before the Court on the Petition for a Writ of Habeas Corpus [Doc. 1],[2] brought pursuant to 28 U.S.C. § 2241, and on the Motion for Order to Show Cause [Doc. 2], both filed on July 17, 2019. The Court will order Petitioner to effect service on Respondents **no later than August 28, 2019**.[3] Further, the Court will grant the Motion for Order to Show Cause

---

[1] Petitioner identifies as female and uses the first name Alejandra and female pronouns. [Doc. 1] at 2 n.1. Accordingly, the Court will refer to Petitioner as "she" or "her."

[2] Petitioner explicitly requests habeas corpus relief. For example, she asks for release from detention pending resolution of her immigration claims or, alternatively, for a bond hearing. [Doc. 1] at 2. However, Petitioner also alleges that she "presents evidence of syphilis and possible neuro-syphilis," but nevertheless has received no evaluation or treatment for these medical conditions. *Id.* at 6. To the extent that Petitioner wishes to assert a civil-rights claim for lack of medical treatment, she must do so in a separate lawsuit. *See Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of . . . confinement and seeks the remedy of immediate release . . . . In contrast, a civil rights action . . . pursuant to 42 U.S.C. § 1983 attacks the conditions of the prisoner's confinement and requests monetary compensation . . ."). No lack-of-medical-treatment claim will be addressed within this habeas corpus action.

[3] The Court's obligation to serve most habeas petitions stems from the Rules Governing 2254 and 2255 Cases. For example, Rule 4 of the Rules Governing 2254 Cases provides that "[i]f the petition is not dismissed, . . . the clerk must serve a copy of the petition and any order on the respondent." If applicable, the *in forma pauperis* statute also provides a basis for court-supplied service. 28 U.S.C. § 1915(d) (2018) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). Here, however, Petitioner is not proceeding under §§ 2254, 2255, or 1915. Her Petition challenges her immigration detention under 28 U.S.C. § 2241. [Doc. 1] at 3−4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Accordingly, it appears to the Court that the Federal Rules of Civil Procedure, including the service provision of Rule 4, apply to this case. *See* Fed. R. Civ. P. 81(a)(4).

[Doc. 2] and require Respondents to respond to the Petition within 20 days of the date that they are served, showing cause why a Writ of Habeas Corpus should not issue. *See* 28 U.S.C. § 2243 (2018).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner, **no later than August 28, 2019**, serve process on Respondents **AND FURTHER** file proof of service in conformity with the requirements of Fed. R. Civ. P. 4, or show cause why not. If Petitioner does not timely comply, the Court may consider dismissal of this proceeding.

**IT IS FURTHER ORDERED** that Respondents, within 20 days after service, respond to the Petition or otherwise show cause why a Writ of Habeas Corpus should not issue.

**IT IS FURTHER ORDERED** that if Petitioner desires to file a reply (traverse), she may do so within 14 days of the filing of the response.

**IT IS FURTHER ORDERED** that the Court will set a hearing, if needed, at a later time. *See id.*

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**